IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARCUS JORDAN, on behalf of himself, and all other plaintiffs similarly situated, known and unknown, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | No. 16 cv |
| | | Honorable Judge |
| Plaintiff | | |
| | | Magistrate Judge |
| v. | | |
| | | **JURY DEMAND** |
| CHICAGO FAMOUS SEAFOOD LLC., D/B/A THE CRAZY CRAB CHICAGO, MICHAEL L. JACKSON, INDIVIDUALLY AND MICHAEL LUSTER, INDIVIDUALLY | | |
| Defendant | | |

## COMPLAINT

NOW COMES Plaintiff, **MARCUS JORDAN,** by and through his attorney, JOHN W. BILLHORN, and for his Complaint against Defendants, **CHICAGO FAMOUS SEAFOOD LLC., D/B/A THE CRAZY CRAB CHICAGO, MICHAEL L. JACKSON, INDIVIDUALLY AND MICHAEL LUSTER, INDIVIDUALLY,** states as follows:

### I. NATURE OF ACTION

1. This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* and the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*

### II. JURISDICTION AND VENUE

2. Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206-207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367. Venue lies in the Northern District of Illinois in that during all times relevant to the employment relationship, Plaintiff performed work in this district and is a resident of this district and Defendants are or were engaged in business in this district.

III. **THE PARTIES**

3. Defendant, **CHICAGO FAMOUS SEAFOOD LLC., D/B/A THE CRAZY CRAB CHICAGO**, offers restaurant services to the public. As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA. During all relevant times Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, is an "employer."

4. Defendants, **MICHAEL L. JACKSON, INDIVIDUALLY AND MICHAEL LUSTER, INDIVIDUALLY,** are the owner/general managers of The Crazy Crab Chicago, and at all times relevant hereto were acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and therefore, as defined under both the federal and state statutes relied upon, were Plaintiff's "employer".

5. Plaintiff, **MARCUS JORDAN,** (hereinafter referred to as "Plaintiff") is a past employee of Defendants who was hired by Defendant to perform a wide range of non-managerial tasks and duties associated with opening and running a restaurant. As an employee performing duties for an enterprise engaged in commerce, Plaintiff was also engaged in commerce as defined by the FLSA.

IV. **STATUTORY VIOLATIONS**

**Collective Action Under The Fair Labor Standards Act**

6. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §216(b), Count I of this action is brought by Plaintiff to recover lost wages from Defendant as a result of Defendant's failure to comply with 29 U.S.C. §201 *et seq.* and §251 *et seq.* Count II alleges a willful violation of the FLSA and seeks an additional third year of limitations. Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.

**Illinois Minimum Wage Law**

7. Pursuant to the Illinois Minimum Wage Law, 820 ILCS §105/1 *et seq.*, Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or before the date three (3) years prior to the filing of this action.

V.  **FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS**

8. Plaintiff, at all times pertinent to the cause of action, was employed by Defendants, said employment being integral and indispensable to Defendant's operation of business.

9. Plaintiff was required to perform a wide range of non-managerial tasks and duties associated with opening and running a restaurant.

10. Defendants employed Plaintiff from approximately May 1, 2016 to September 29, 2016. Plaintiff's agreed upon compensation was to be approximately $26.50 per hour.

11. During Plaintiff's employment, Defendants consistently failed and refused to compensate Plaintiff for all hours of work performed. Over the time period Plaintiff performed services for Defendants, Defendants paid Plaintiff only $2,100.00.

12. Additionally, Plaintiff worked for Defendants in excess of 40 hours per week without pay at time and one half Plaintiff's regular hourly rate.

**COUNT I**

**VIOLATION OF FAIR LABOR STANDARDS ACT**

1-12. Paragraphs 1 through 12 are re-alleged and incorporated as though set forth fully herein as paragraphs 1 through 12 of this Count I.

13. Pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* Plaintiff is entitled to compensation for all hours worked and compensation at a rate not less than one and one-half times the regular rate of pay for all hours worked in excess of forty (40) hours, in any week during the two (2) years preceding the filing of this action.

14. Defendants have at all times relevant hereto failed and refused to pay compensation to Plaintiff as described above.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

     (a)    awarding back pay equal to the amount of all unpaid overtime compensation for the two (2) years preceding the filing of this Complaint, according to the applicable statute of limitations;

     (b)    awarding prejudgment interest with respect to the total amount of unpaid overtime compensation;

     (c)    awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violations of the Fair Labor Standards Act; and,

     (d)    for such additional relief as the Court deems appropriate under the circumstances.

## COUNT II

### WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-14.    Paragraphs 1 through 14 of Count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 14 of Count II.

15.    Defendants' actions as complained of above were done with Defendants' knowledge that the compensation policies and practices at issue were in violation of the statutes alleged, or with a reckless disregard for whether or not the policy and practice were in violation of those statutes.

16.    Pursuant to the Fair Labor Standards Act, Plaintiff is entitled to compensation at a rate not less than one and one-half times his regular rate of pay for all hours worked in excess of forty (40), in the three (3) years preceding the filing of this complaint.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

     (a)    awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b) awarding prejudgment interest with respect to the amount of unpaid overtime compensation;

(c) awarding Plaintiff's reasonable attorney's fees and Court costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(d) for such additional relief the Court deems appropriate under the circumstances.

## COUNT III

## LIQUIDATED DAMAGES
## UNDER THE FAIR LABOR STANDARDS ACT

1-16. Paragraphs 1 through 16 of Count II are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 16 of Count III.

17. In denying Plaintiff compensation as described above, Defendants' acts were not based upon good faith or reasonable grounds.

18. Plaintiff is entitled to liquidated damages equal to the amount of all unpaid compensation, pursuant to 29 U.S.C. §260.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a) awarding liquidated damages equal to the amount of all unpaid compensation;

(b) awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendants' violation of the Fair Labor Standards Act; and

(c) for such additional relief the Court deems appropriate under the circumstances.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM
## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-18. Paragraphs 1 through 18 of Count III are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 18 of this Count IV.

19. As described in the foregoing paragraphs, Defendants' compensation policies and practices are in violation of the Illinois Minimum Wage Law, 820 ILCS §115/1 *et seq.*

20. The Illinois Minimum Wage Law provides that an employer who fails to pay the required amount of wages due an employee under the law shall be liable to the underpaid employee or employees for the unpaid wages and for an additional penalty in the amount of 2% of the amount of such underpayments for each month following the date such underpayments remain unpaid.

21. Defendants' failure to pay compensation as described above has been willful and/or in bad faith.

WHEREFORE, Plaintiff respectfully requests this Court to enter an order:

(a) declaring and decreeing Defendants' compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b) awarding an amount of damages, to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

(c) allowing this Court to retain jurisdiction of the case until such time it is assured Defendants have remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d) directing Defendants to pay to Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e) for such additional relief the Court deems just and appropriate under the circumstances.

Respectfully submitted,

*Electronically Filed 11/29/2016*

/s/ John W. Billhorn
_____
John William Billhorn
Attorney for Plaintiff

BILLHORN LAW FIRM
53 West Jackson Blvd., Suite 840
Chicago, IL 60604
312) 853-1450